IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

MAR 23 2004

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| A.F. McCAULEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PURDUE PHARMA L.P., et al., )<br>)<br>Defendants. )<br>_____)<br>)<br>CHARLES C. BRUMMETT, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PURDUE PHARMA L.P., et al., )<br>)<br>Defendants. ) | Civil Action No. 2:01CV00080<br>  Consolidated with<br>Civil Action No. 2:02CV00054<br>  for Pretrial Purposes |

### PURDUE'S MOTION TO COMPEL DISCOVERY CONCERNING DECKARD'S MALPRACTICE CLAIM

Pursuant to Fed. R. Civ. P. 37(a), defendants Purdue Pharma L.P., Purdue Pharma Inc., The Purdue Frederick Company, The Purdue Pharma Company, and P.F. Laboratories, Inc., by counsel, for their motion to compel discovery concerning Deckard's malpractice claim, state as follows:

1. In a request for production of documents, Purdue asked plaintiff Joseph Deckard to produce the following documents:

> All documents relating to any claim made by you or on your behalf against any other person for compensation for any injury, illness, disability, treatment or condition, including without limitation court records, deposition transcripts, and any discovery or documents produced by any party.

See Purdue Defendants' First Set of Interrogatories and First Document Requests to Plaintiffs 22, served May 16, 2002.

2. In his supplemental response to this request, Deckard agreed to produce records as follows:

> Plaintiff is willing to produce information regarding Workers Compensation, social security, insurance or other claims relating to Plaintiff's health and that were made in the last ten years or made at any time if: it relates to the injury for which Plaintiff began taking OxyContin; if it relates to any injury for which Plaintiff seeks damages; or it relates to any prior drug dependency. Plaintiff has made no claims since taking OxyContin.

See Plaintiff Joseph D. Deckard's First Supplemental Response to Purdue Defendants' First Set of Interrogatories and First Request for Production of Documents 22 served July 26, 2002.

3.  Since filing this action, Deckard has separately asserted a medical practice claim against Dr. Steven M. Adkins, one of Deckard's treating physicians. In this claim, Deckard contended that Dr. Adkins was negligent in prescribing OxyContin to him.

4.  Purdue is informed that Deckard and Dr. Adkins have settled the malpractice claim.

5.  Purdue has requested Deckard to provide the documents concerning his malpractice claim against Dr. Adkins, but Deckard has not responded to Purdue's request.

6.  The records sought by Purdue are discoverable, as Deckard himself has acknowledged in his supplemental response to Purdue's request. The claim against Dr. Adkins involves the same alleged injuries for which damages are being sought against Purdue.

7.  Purdue is independently entitled to discover the terms of the settlement under Va. Code § 8.01-35.1, pertaining to contribution and credits for settlements with persons who are alleged to be joint tortfeasors.

8.  Purdue certifies that it has attempted to resolve this issue with Deckard but was not successful.

WHEREFORE, Purdue moves the Court for entry of the attached order compelling discovery.

PURDUE PHARMA L.P.
PURDUE PHARMA INC.
THE PURDUE FREDERICK COMPANY
THE PURDUE PHARMA COMPANY
P.F. LABORATORIES, INC.

By Counsel

Wm. W. Eskridge
 VSB No. 3635
Wade W. Massie
 VSB No. 16616
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia 24212
Telephone: 276/628-5151
Facsimile: 276/628-5621

By /s/ Wade W. Massie
    Wade W. Massie

Chilton Davis Varner
Gordon A. Smith
Dan H. Willoughby, Jr.
KING & SPALDING
191 Peachtree Street
Atlanta, Georgia 30303-1763
Telephone: 404/572-4789
Facsimile: 404/572-5143

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were delivered to Emmitt F. Yeary, Esq., Yeary & Associates, P.C., 161 East Main Street, Abingdon, Virginia 24210, and sent by overnight delivery to Neil L. Henrichsen, Esq., Henrichsen Siegel, P.L.L.C., 1850 M Street, N.W., Suite 250, Washington, D.C. 20036, and Douglas McNamara, Esq., Cohen Millstein Hausfeld & Toll, P.L.L.C., West Tower, Suite 500, 1100 New York Avenue, N.W., Washington, D.C. 20005-3964, counsel for plaintiffs, this 19th day of March, 2004.

*/s/ Wade W. Massie*
Wade W. Massie