IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

|  |  |  |
|---|---|---|
| A. F. McCAULEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 2:01CV00080 |
| v. | ) | Consolidated with |
| | ) | Civil Action No. 2:02CV00054 |
| PURDUE PHARMA L.P., et al., | ) | for Pretrial Purposes |
| | ) | |
| Defendants. | ) | |
| | ) | James P. Jones |
| | ) | United States District Judge |
| CHARLES C. BRUMMETT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Pamela Meade Sargent |
| | ) | United States Magistrate Judge |
| v. | ) | |
| | ) | |
| PURDUE PHARMA L.P., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PURDUE'S OBJECTIONS TO
## PLAINTIFFS' NOTICE OF DEPOSITION OF BRIAN PARDUE

Pursuant to the Federal Rules of Civil Procedure, Defendants Purdue Pharma L.P.,

Purdue Pharma Inc., The Purdue Frederick Company, The Purdue Pharma Company, and The

P.F. Laboratories, Inc. (collectively "Purdue") hereby respond and object to Plaintiffs' Notice of

Deposition of Brian Pardue ("Notice of Deposition" or "Notice") as follows:

Purdue objects to the Notice of Deposition to the extent that it is untimely and improperly

circumvents the procedures set forth in Rules 30(b)(5) and 34(b) of the Federal Rules of Civil

Procedure by shortening the time allowed for Purdue to respond to the document request

contained in the Notice ("Plaintiffs' Request"). Although Plaintiffs' counsel initially began

attempting to schedule Mr. Pardue's deposition by March 1, 2004, Plaintiffs did not serve their

Notice of Deposition, which included Purdue's first notice of a request for documents related to

Mr. Pardue, until April 20, 2004 – only nine days prior to the April 29, 2004 deposition. Rule

30(b)(5) provides: "The notice to a party deponent may be accompanied by a request made in

compliance with Rule 34 for the production of documents and tangible things at the taking of the

deposition. The procedure of Rule 34 shall apply to the request." FED. R. CIV. P. 30(b)(5). Rule

34, in turn, provides thirty days to respond to document requests. FED. R. CIV. P. 34(b); see, e.g.,

Great American Ins. Co. v. McElwee Bros., Inc., 2004 WL 574749, *4 (E.D. La. Mar. 19, 2004);

Brown v. Greyhound Lines, Inc., 1995 WL 811965, *1 (S.D. Tex. Aug. 25, 1995); Shannon v.

Taesa Airlines, 1994 WL 931216, *1 (S.D. Ohio Nov. 10, 1994). Because the noticed date for

Mr. Pardue's deposition does not afford thirty days from the date of service of the Notice of

Deposition, Purdue should not be required to produce the requested documents by the April 29,

2004 deposition date. See Howell v. Standard Motor Prods., Inc., 2001 WL 456241, *1 (N.D.

Tex. Apr. 27, 2001). Moreover, as all discovery in these cases will close on April 30, 2004, the

thirty-day response period establishes that the documentary discovery requested in Plaintiffs'

Notice of Deposition cannot be completed before the discovery deadline, and, therefore, Purdue

should not be required to respond to this untimely request. See PMI Photomagic, Ltd. v. Foto

Fantasy, Inc., 2003 WL 21353921, *1 (N.D. Tex. June 6, 2003); Temple v. American Airlines,

Inc., 2001 WL 1012683, *2 (N.D. Tex. Aug. 17, 2001).[1]

---

[1] The Court should not extend the discovery deadline due to Plaintiffs' failure to serve a timely document request with their Notice of Deposition. See Temple v. American Airlines, Inc., 2001 WL 1012683, *2 (N.D. Tex. Aug. 17, 2001) ("In a word it appears that Plaintiff was merely dilatory in commencing any discovery in this case, which would not justify an extension of the discovery deadline particularly when such was opposed by Defendant.") These cases have been pending for two and almost three years respectively, and Plaintiffs first began attempting to schedule this deposition by March 1, 2004, which provided them ample opportunity to serve a document request that would have permitted the required thirty-day response period within the discovery deadline.

Additionally, Purdue objects to the document request contained in Plaintiffs' Notice of Deposition due to its obvious overbreadth. The Advisory Committee Notes to Rule 30(b)(5) direct that document requests under Rule 30 are appropriate when the documents sought are "few and simple, and closely related to the oral examination"; however, requests for "many and complex" documents should be treated as a Rule 34 document request. Fed. R. Civ. P. 30(b)(5) advisory committee note; see also Canal Barge Co. v. Commonwealth Edison Co., 2001 WL 817853, *4-*5 (N.D. Ill. July 19, 2001) (quoting Carter v. United States, 164 F.R.D. 132, 133 (D. Mass. 1995)). Here, the Notice of Deposition seeks:

> All records, reports, charts, forms, letters, notes, e-mails, correspondence, electrical data, and other documents of every kind and description regarding your employment at Purdue Pharma, including, but not limited to, complete contents of all your personal and business files having anything to do with your employment at Purdue Pharma.

This Notice seeks an enormously broad category of documents, without limitation in terms of time or subject matter. In fact, Plaintiffs do not even limit their request to business files of Mr. Pardue, instead specifically requesting personal files. Even with respect to business files, Plaintiffs do not limit their request to documents related to OxyContin®, the medication at issue in these cases. This request, even if properly narrowed, should have been made under Rule 34, and the thirty-day response time provided by that rule even more clearly renders this unlimited request untimely in light of the impending discovery deadline. See Canal Barge Co., 2001 WL 817853, at *5.

Accordingly, Purdue objects to the document request contained in the Notice of Deposition and will not produce the requested documents by the date requested in the Notice. Purdue reserves the right to serve additional written objections and responses to Plaintiffs' Notice based on the procedures set forth in Rules 30 and 34. Purdue will make Mr. Pardue

available for a deposition on the date directed by the Notice of Deposition, but will object to any attempt to continue that deposition based on the document request contained in the Notice.[2]

Subject to and without waiving the above objections and reservation of right, Purdue makes the following additional objections and response:

## <u>GENERAL OBJECTIONS</u>

1.      Purdue objects to Plaintiffs' Request to the extent it calls for information that is subject to the attorney-client privilege, the work product doctrine, or both, or any other applicable privilege, protection, exemption, or immunity.  Disclosure of any information concerning privileged or otherwise protected documents is inadvertent and shall not constitute a waiver of any claim of privilege, protection, exemption, or immunity.  Documents withheld from production will be included on a privilege log consistent with the requirements of the Federal Rules of Civil Procedure.

2.      Purdue objects to Plaintiffs' Request to the extent that it calls for information or the identification of documents not in the possession, custody or control of Purdue and/or to the extent it calls for documents not maintained by Purdue in the normal course of business.

3.      Purdue will make a good faith, reasonable and diligent effort to locate responsive documents, consistent with any General or Specific Objections.  In searching for documents, Purdue conducts a thorough and reasonable search for its records kept in the ordinary course of business, where information, documents, or other things responsive to this discovery are most likely to be found.  Purdue has also sought information from those persons who are most likely to know of documents or other things responsive to Plaintiffs' discovery.  To the extent Plaintiffs' Request asks for more, Purdue objects because the discovery is overly broad, unduly

---

[2] Furthermore, as Mr. Pardue is not a party to this action, the document request contained in the Notice of Deposition fails for comply with Rule 45 of the Federal Rules of Civil Procedure.

burdensome, and asks for information that is not likely to lead to the discovery of admissible evidence.

4.      To the extent that Plaintiffs' Request seeks information about patients or persons on OxyContin®, Purdue objects to producing this information because of issues concerning patient-physician privilege, privacy concerns, and FDA regulations.  Purdue will make appropriate redactions of these documents prior to production of any documents to address these issues.

5.      Purdue objects to the phrases "all records" and "of every kind and description" as used in the Request as being overly broad and unduly burdensome.

## SPECIFIC OBJECTIONS AND RESPONSE

### REQUEST NO. 1:

All records, reports, charts, forms, letters, notes, e-mails, correspondence, electrical data, and other documents of every kind and description regarding your employment at Purdue Pharma, including, but not limited to, complete contents of all your personal and business files having anything to do with your employment at Purdue Pharma.

### RESPONSE TO REQUEST NO. 1:

In addition to the General Objections stated above, Purdue objects to Plaintiffs' Request to the extent it seeks documents relating to products other than OxyContin® on the grounds that such documents are neither relevant to the claims and defenses in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.  Purdue additionally objects to Plaintiffs' Request to the extent it seeks documents concerning the marketing and promotion of OxyContin® to persons other than the prescribing physicians for Plaintiffs on the grounds that such documents are neither relevant to the claims and defenses in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, Purdue objects to Plaintiffs' Request to the extent it seeks documents that are subject to the

attorney-client privilege, the work product doctrine, and/or any other applicable privilege, protection, exemption, or immunity and to the extent it seeks proprietary or confidential information.

/s/_____Wade W. Massie_____
Wade W. Massie
VSB No. 16616
Attorney for Purdue Defendants
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia 24212
Telephone: 276/628-5151
Facsimile: 276/628-5621

6

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 23, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Neil L. Henrichsen, Esq., Henrichsen Siegel, P.L.L.C., 1850 M Street, N.W., Suite 250, Washington, D.C.  20036; and I further certify that I have faxed and mailed by United States Postal Service the document to the following non-CM/ECF participants:  Emmitt F. Yeary, Esq., Yeary & Associates, P.C., 161 East Main Street, Abingdon, Virginia  24210; Heather Collins, Esq., Heather Moore Collins, Esq., Henrichsen Siegel, P.L.L.C., 1648 Osceola Street, Jacksonville, Florida  32204, and Douglas McNamara, Esq., Cohen Millstein Hausfeld & Toll, P.L.L.C., West Tower, Suite 500, 1100 New York Avenue, N.W., Washington, D.C. 20005-3964, counsel for plaintiffs.

/s/___Wade W. Massie_____
    Wade W. Massie
    VSB No. 16616
    Attorney for Purdue Defendants
    PENN, STUART & ESKRIDGE
    P.O. Box 2288
    Abingdon, Virginia  24212
    Telephone:  276/628-5151
    Facsimile:  276/628-5621

7