IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| A. F. McCAULEY, | |
| Plaintiffs, | |
| v. | Civil Action No. 2:01CV00080 |
| | Consolidated with |
| | Civil Action No. 2:02CV00054 |
| PURDUE PHARMA L.P., et al., | for Pretrial Purposes |
| Defendants. | |
| | James P. Jones |
| | United States District Judge |
| CHARLES C. BRUMMETT, et al., | |
| Plaintiffs, | Pamela Meade Sargent |
| | United States Magistrate Judge |
| v. | |
| PURDUE PHARMA L.P., et al., | |
| Defendants. | |

PURDUE'S MOTION TO COMPEL CERTAIN ADMISSIONS

Pursuant to Fed. R. Civ. P. 35(a) and 37(c), defendants Purdue Pharma L.P., Purdue Pharma Inc., The Purdue Frederick Company, The Purdue Pharma Company, and The P.F. Laboratories, Inc. (collectively, "Purdue"), by counsel, move the Court to compel certain admissions by plaintiffs, and, in support, state as follows:

1. On March 25, 2004, and March 31, 2004, Purdue served plaintiffs with requests to admit the genuineness of certain medical and employment records obtained in discovery. The form of each request was as follows:

> Admit that the following records on [plaintiffs] are authentic under Fed. R. Civ. P. 901 and constitute records of regularly recorded activity under Fed. R. Civ. P. 803(d) and are not hearsay.

2. On April 26, 2004, plaintiffs served responses refusing to admit the genuineness of the records. These responses took two forms. For those records which Purdue obtained by subpoena to plaintiffs' health care providers or employers, plaintiffs stated:

> Plaintiff is without knowledge as to the authenticity of the foregoing records, and therefore denies such. Plaintiff denies the foregoing records constitute those of regularly conducted business activity under Fed. R. Evid. 803(6) to the extent they may contain unsubstantiated opinions, inferences or conclusions, or they may not be routine or regular. Plaintiff denies the foregoing records may not be hearsay.

For those records which the plaintiffs themselves obtained from the providers and employers, plaintiffs stated:

> Plaintiff admits the foregoing records are authentic. Plaintiff denies the foregoing records constitute those of regularly conducted business activity under Fed. R. Evid. 803(6) to the extent they may contain unsubstantiated opinions, inferences or conclusions, or they may not be routine or regular. Plaintiff denies the foregoing records may not be hearsay.

3. Under Rule 36, a party is prohibited from using lack of knowledge as a basis for denial unless the party has made a reasonable investigation of the request:

> An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

Plaintiffs do not state that they made reasonable inquiry into the genuineness of the records. For all that appears from the response, the plaintiffs made no investigation of the records. They simply state they do not know if the records are authentic or kept in the regular course of business.

4. The plaintiffs also attempt to avoid the requests by asserting that the records "may contain unsubstantiated opinions." Rule 803 applies to business records reciting "opinions" and "diagnoses," as well as "act" and "events." The Advisory Committee Notes on Rule 803(6) state that the inclusion of "opinions and diagnoses" was to "make a clear adherence" to the trend in favor of admissibility of business records. Fed. R. Evid. 803(6) Advisory Committee's Notes; see also Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 163 n.8 (1988) (noting that medical diagnoses and opinions are admissible); Sosna v. Binnington, 321 F.3d 742, 747 (8th Cir. 2003) (holding admissible pathologist opinion in autopsy report); Manocchio v. Moran, 919 F.2d 770, 780 (1st Cir. 1990) (stating that "hospital records, including medical opinions, are now admitted under Rule 803(6), which expressly permits 'opinions' and 'diagnoses.'"); Harrell v. Fibreboard Corp., et al., No. 85-4604, 1989 U.S. Dist. LEXIS 14196, at *25 (E.D. Pa. November 27, 1989) (stating that medical records, including opinions, are admissible).

5. Because the plaintiff failed to file appropriate responses to the requests, the requests should be deemed admitted. Liafail, Inc. v. Learning 2000, Inc., et al., No. 01-599, 2003 U.S. Dist. LEXIS 3545, at *8 (D. Del. Mar. 3, 2003) (deeming requests admitted where party failed to make a good faith reasonable inquiry); Uniden America Corp., et al., v. Ericsson, Inc., 181 F.R.D. 302, 305 (M.D. N.C. 1998) (deeming request admitted where third party author of document had acknowledged that the record was genuine); Rhone-Poulenc Rorer, Inc., et al. v. The Home Indemnity Co., No. 88-9752, 1992 U.S. Dist. LEXIS 20249, at *15 (E.D. Pa. Dec. 29, 1992) (deeming request admitted for failure to make inquiry); Mrofka, et al. v. Industrial Risk Insurers, et al., No. 89-C-8361, 90-C-1057, 1990 U.S. Dist. LEXIS 10102, at *3 (N.D. Ill. Aug. 1, 1990) (same); Chrysler Credit Corp. v. Comer, No. 88-5356, 1989 U.S. Dist. LEXIS

3

914, at *3-4 (E.D. Pa. Feb. 2, 1989) (same); <u>Dirocco, et al. v. Minogle</u>, No. 84C-AU-124, 1985 Del. Super. LEXIS 1027, at *3-4 (Del. Super. Ct. 1985 (same); <u>Stephens, et al. v. City of Cleveland, et al.</u>, No. 56419, 1990 Ohio App. LEXIS 315, at *7-11 (Ohio Ct. App. Feb. 1, 1990) (same).

6. In the alternative, Purdue should be permitted to depose or take statements from the providers and employers to show that the records are genuine. Upon appropriate proof that the records are genuine, plaintiffs should be ordered to pay Purdue's expenses and attorney's fees in obtaining this evidence.

7. Purdue's attempts to resolve these issues with plaintiffs have been unsuccessful.

WHEREFORE, Purdue moves the Court for an order deeming the requests admitted or permitting Purdue to depose or file statements from the providers and employers and allowing Purdue its expenses and attorney's fees.

/s/ Wade W. Massie
Wade W. Massie
VSB No. 16616
Attorney for Purdue Defendants
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia 24212
Telephone: 276/628-5151
Facsimile: 276/628-5621

CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Neil L. Henrichsen, Esq., Henrichsen Siegel, P.L.L.C., 1850 M Street, N.W., Suite 250, Washington, D.C. 20036; and I further certify that I have faxed and mailed by United States Postal Service the document to the following non-CM/ECF participants: Emmitt F. Yeary, Esq., Yeary & Associates, P.C., 161 East Main Street, Abingdon, Virginia 24210; Heather Collins, Esq., Heather Moore Collins, Esq., Henrichsen Siegel, P.L.L.C., 1648 Osceola Street, Jacksonville, Florida 32204, and Douglas McNamara, Esq., Cohen Millstein Hausfeld & Toll, P.L.L.C., West Tower, Suite 500, 1100 New York Avenue, N.W., Washington, D.C. 20005-3964, counsel for plaintiffs.

/s/    Wade W. Massie
Wade W. Massie
VSB No. 16616
Attorney for Purdue Defendants
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia 24212
Telephone: 276/628-5151
Facsimile: 276/628-5621